UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 10-61973-CIV-MOORE/SIMONTON

ONE BROWARD BLVD. HOLDINGS, LLC,
a Delaware limited liability company, as
successor-by-merger to 32 TENANT-IN-
COMMON ENTITIES, as successor-in-interest
to DBSI ST TOWER, LLC as successor-in-
interest to RSP II BARNETT BANK PLAZA, LTD.,
     Plaintiff,
v.
BERMELLO, AJAMIL & PARTNERS, INC., a
Florida Corporation, and ALL OTHERS
IN POSSESSION,
     Defendants.
_____/

BERMELLO, AJAMIL & PARTNERS, INC.,
a Florida corporation,
     Counterplaintiff,
v.
ONE BROWARD BLVD. HOLDINGS, LLC,
a Delaware limited liability company, etc.,
     Counterdefendant.
_____/

ONE BROWARD BLVD. HOLDINGS, LLC, a
Delaware limited liability company, etc.,
     Counter-Counterplaintiff,
v.
BERMELLO, AJAMIL & PARTNERS, INC.,
a Florida corporation,
     Counter-Counterdefendant.
_____/

**DEFENDANT /COUNTERPLAINTIFF/COUNTER-COUNTERDEFENDANT
BERMELLO, AJAMIL & PARTNERS, INC.'S MOTION TO DISMISS WITH
PREJUDICE PLAINTIFF'S COMPLAINT FOR EVICTION AND COUNTER-
COUNTERPLAINTIFF'S COUNTER-COUNTERCLAIM, MOTION
TO STRIKE COUNTERDEFENDANT'S DEFENSES TO B&A'S
COUNTERCLAIM, AND FOR THE ENTRY OF JUDGMENT AND AN AWARD
OF ATTORNEYS' FEES AND COSTS IN FAVOR OF B&A DUE TO
LANDLORD'S VIOLATIONS OF THE COURT'S PRETRIAL ORDER AND
<u>LOCAL RULE 16.1 AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant/Counterplaintiff/Counter-Counterdefendant   Bermello,   Ajamil   &
Partners, Inc. (hereinafter collectively "B&A"), respectfully moves this Court, pursuant
to Federal Rule of Civil Procedure 41, Southern District of Florida Local Rule 16.1, and
this Court's Pretrial Order entered October 18, 2010 ("Pretrial Order"), for an Order: (1)
dismissing *with prejudice* Plaintiff/Counterdefendant/Counter-Counterplaintiff One
Broward Blvd. Holdings, LLC's (hereinafter collectively "Landlord") Complaint for
Eviction against B&A <u>and</u> Counter-Counterclaim against B&A, (2) striking Landlord's
Answer and Affirmative Defenses to B&A's Counterclaim, (3) entering judgment in
favor of B&A in Landlord's Complaint for Eviction, Landlord's Counter-Counterclaim
and B&A's Counterclaim, and (4) awarding B&A its attorneys' fees and costs for having
to defend itself against Landlord's Complaint for Eviction <u>and</u> Counter-Counterclaim, as
well as prosecuting B&A's Counterclaim against Landlord as provided for in
S.D.Fla.L.R. 16.1(m), the Pretrial Order, and the governing contract between the parties,
and as grounds states as follows.

## <u>BACKGROUND</u>

1.      On October 15, 2010, B&A removed the lawsuits at issue in this case
(Landlord's Complaint for Eviction, B&A's Counterclaim, and Landlord's Counter-
Counterclaim) to this Court.  [D.E. 1]

2.      The Court entered a paperless Pretrial Order on October 18, 2010, which
ordered Landlord's counsel to "forward to all defendants, upon receipt of a responsive
pleading, a copy of this [Court's] order," and "further ordered that S.D.Fla.L.R. 16.1 shall
apply to this case and the parties shall hold a scheduling conference no later than twenty

2

(20) days after the filing of the first responsive pleading by the last responding defendant . . ." [D.E. 6]

3.      The last responsive pleading was filed by B&A on October 26, 2010, which was B&A's Answer and Affirmative Defenses to Landlord's Counter-Counterclaim.  [D.E. 9]

4.      Pursuant to the Court's Pretrial Order, Landlord was required to forward to B&A, upon receipt of B&A's Answer and Affirmative Defenses, a copy of this Court's 10/18/10 Pretrial Order, and the parties were required to hold a scheduling conference by no later than November 15, 2010.  [D.E. 6, 9]

5.      To date, thirty-four (34) days have passed since the removal of this action to this Court.  Yet, Landlord has failed to have counsel appear in the action on its behalf as required by this Court's Pretrial Order, the federal and local rules of civil procedure and Florida law.  *Souffrant v. Denhil Oil LLC*, 2010 WL 1541192 * 1 (S.D.Fla. 2010).

6.       Landlord is in direct violation of this Court's Pretrial Order in that it has failed to provide B&A with a copy of the Pretrial Order as required and ordered to by this Court, and has made it impossible for B&A to engage in the scheduling conference ordered in the Pretrial Order and required by S.D.Fla.L.R. 16.1, because of Landlord's failure to appear before this Court as it is required to.

7.      Landlord has further failed to comply with S.D.Fla.L.R. 7.2 by failing to file the required memoranda of law in support of Landlord's Motion to Require Deposit to the Registry of the Court, its Motion to Dismiss Counterclaim, its Motion to Strike Affirmative Defenses, and its Motion to Strike Demand for Punitive Damages

(collectively "Landlord's Pending Motions"), and in response to B&A's Motion to Determine Rent.  [D.E. 1]

8.      Landlord has, likewise, failed to move this Court, as required by the Federal Rules of Civil Procedure and Southern District of Florida Local Rule 7.1(a), for an enlargement of time to file said memoranda of law which were otherwise due on October 29, 2010.

9.      B&A, on the other hand, has diligently worked to comply, and has complied, with all Orders issued by this Court, including the Pretrial Order, as well as the governing federal and local rules of civil procedure since the case was removed to this Court.  Most recently, B&A incurred significant attorneys' fees and costs related to the filing of its lengthy Consolidated Memorandum of Law which was filed in support of B&A's Motion to Determine Rent, and in opposition to Landlord's Pending Motions ("B&A's Consolidated Memorandum of Law").  [D.E. 16]

10.     For example, in compliance with Southern District of Florida Local Rule 7.1(a), before filing its Consolidated Memorandum of Law, B&A moved this Court for two short enlargements of time to file its consolidated memoranda, which this Court granted.  [D.E. 10, 12-14]  Counsel for B&A, in compliance with Local Rule 7.1, communicated in good faith with Jeffrey Mazor, Esq., the known attorney of record for Landlord in the state court action who filed all the pleadings and motions which are pending before this Court on behalf of Landlord, to determine whether Landlord had an objection to the requested enlargements of time.  *See* Composite Exhibit A, 11/1/10 and 11/5/10 email communications to Jeffrey Mazor, Esq. from Emilia Quesada, Esq.  To this

day, B&A has not received a response from Mr. Mazor or Landlord to the referenced communications.

11.     In addition to the two motions for enlargement of time filed by B&A identified above, B&A also filed a motion for leave to file a Consolidated Memorandum of Law in support of and opposition to the five (5) motions pending before the Court, as well as permission to exceed the 20 page limit set out in Local Rule 7.1 ("B&A's Motion for Leave"), which this Court granted. [D.E. 15, 17]

12.     Once again, in compliance with Local Rule 7.1, B&A communicated in good faith with Mr. Mazor in an attempt to determine whether Landlord had an objection to the relief requested in B&A's Motion for Leave. *See* Exhibit B, 11/10/10 email communication to Jeffrey Mazor, Esq. from Emilia Quesada, Esq. B&A never received a response to this communications from either from Mr. Mazor or Landlord.

## LEGAL ARGUMENT

13.     The Pretrial Order provides that "[f]ailure of counsel to file a joint scheduling report with the deadlines set forth [in the Order] may result in dismissal, default, and the imposition of other sanctions, including attorney's fees and costs." [D.E. 6]

14.     Dismissal with prejudice for a party's failure to comply with an order of the court and the governing rules of civil procedure is appropriate when there is a clear record of delay or willful conduct, and lesser sanctions would not suffice. *See Goforth v. Owens*, 766 F. 2d 1533, 1535 (11th Cir. 1985) (dismissal with prejudice is appropriate because plaintiff's counsel "engaged in a pattern of delay"); *Souffrant,* 2010 WL 1541192 at * 1.

15.     Here, there is ample evidence and a clear record of delay or willful conduct by Landlord and its counsel that merits dismissal *with prejudice* of Landlord's lawsuits against B&A.  To wit:

(a) Landlord failed to make an appearance before this Court through counsel as required by law; [1]

(b) Landlord failed to provide B&A with a copy of the Court's Pretrial Order as required by this Court;

(c) Landlord failed to file the required memoranda of law in support of Landlord's Pending Motions (all four (4) of them) as required by Local Rule 7.2;

(d) Landlord failed to move this Court for enlargements of time to file any or all of its required memoranda of law in support of the four (4) motions Landlord filed in this action, i.e. Landlord's Pending Motions, as required by Local Rule 7.1;

(e) Landlord failed to respond to B&A's communication of November 1, 2010 wherein B&A, in good faith, conferred with Landlord in order to obtain Landlord's agreement to the relief requested in B&A's first motion for enlargement of time to file B&A's Consolidated Memorandum of Law in violation of Local Rule 7.1;

(f) Landlord failed to respond to B&A's communication of November 5, 2010 wherein B&A, in good faith, conferred with Landlord in order to obtain Landlord's agreement to the relief requested in B&A's second motion for enlargement of time to file B&A's Consolidated Memorandum of Law in violation of Local Rule 7.1;

(g) Landlord failed to respond to B&A's communication of November 10, 2010 wherein B&A, in good faith, conferred with Landlord in order to obtain Landlord's

---

[1] *Souffrant,* 2010 WL 1541192 at * 1.

agreement to the relief requested in B&A's Motion for Leave,  in violation of Local Rule 7.1;

(h) Landlord has made it impossible for B&A to comply with this Court's Pretrial Order requiring the parties to hold a scheduling conference no later than November 16, 2010, due to Landlord's failure to appear before the Court through counsel.[2]

16.     Landlord's Actions clearly and unequivocally demonstrate a record of delay and/or willful conduct which support this Court's dismissal *with prejudice* of Landlord's Complaint for Eviction and Landlord's Counter-Counterclaim filed against B&A.  Any lesser sanction would not serve the interests of justice.  *Goforth*, 766 F. 2d at 1535.

17.     Landlord's Actions are in direct violation of this Court's Pretrial Order, S.D.Fla.L.R. 16.1 and Florida law.  As such, this Court should enter an Order dismissing Landlord's Complaint for Eviction and Counter-Counterclaim against B&A *with prejudice*, as acknowledged by and provided for in the Court's Pretrial Order (at Line 12 thereof).

18.     Additionally, this Court should impose sanctions against Landlord for its willful violation of the Court's Pretrial Order, said Order which acknowledges and provides that a party's violation of the Pretrial Order and failure to comply with Local Rule 16.1 subjects them to the imposition of sanctions by the Court in the form of paying the complying party's attorneys' fees and court costs as a result of the violation.

---

[2]  The actions identified in paragraph 15 which evidence Landlord's delay and/or willful conduct are collectively referred to *infra* as "Landlord's Actions."

19.     As such, B&A herein requests this Court Order Landlord to pay B&A's attorneys' fees and court costs for Landlord's failure to comply with the Court's Pretrial Order, which in turn has made it impossible for B&A to comply because of Landlord's failure to make itself available through counsel to hold a scheduling conference with B&A, as required by Local Rule 16.1.  Pretrial Order at Line 13.

20.     Moreover, pursuant to Local Rule 16.1(m), a party's "[f]ailure to comply with the requirements of Local Rule [16.1] will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment."

21.     Thus, under Local Rule 16.1(m) (in addition to the dismissal and sanctions recognized by, and provided for in, this Court's Pretrial Order), Landlord's failure to comply with Local Rule 16.1 supports this Court's entry of an Order dismissing Landlord's lawsuits against B&A *with prejudice*, and imposing an award of attorneys' fees and costs in favor of B&A for having to defend itself from Landlord's Complaint for Eviction and Landlord's Counter-Counterclaim.  Additionally, because Landlord failed to comply with the requirements of Local Rule 16.1, Landlord's defenses to B&A's Counterclaim should also be stricken.  *See* Local Rule 16.1(m).

22.     Landlord's failure to comply with this Court's Pretrial Order, the requirements of Local Rule 16.1 and other federal and local rules of civil procedure identified throughout the instant motion, including the actions Landlord engaged in as enumerated in paragraph 15 above, establish Landlord's clear record of delay or willful conduct which can only be remedied by dismissing Landlord's lawsuits against B&A

*with prejudice*, and striking Landlord's defenses to B&A's Counterclaim.  *Goforth v. Owens*, 766 F. 2d 1533, 1535 (11th Cir. 1985); Pretrial Order; Local Rule 16.1(m).

23.     In addition, B&A is entitled to recover its attorneys' fees and court costs, pursuant to this Court's Pretrial Order, Local Rule 16.1(m), and the governing lease agreement between the parties, in having to defend itself from Landlord's lawsuits and prosecuting B&A's Counterclaim against Landlord.

24.     This Court should, accordingly, enter judgment in favor of B&A and against Landlord in the lawsuits filed by Landlord against B&A, including Landlord's Complaint for Eviction and Landlord's Counter-Counterclaim, dismissing both *with prejudice*, and enter judgment in favor of B&A and against Landlord with respect to B&A's Counterclaim, awarding B&A all of its attorneys' fees and court costs related to all three lawsuits as provided for in the governing agreement between the parties, this Court's Pretrial Order and Local Rule 16.1(m).

## CONCLUSION

Based on the foregoing, B&A respectfully requests this Court enter an Order: (a) dismissing Landlord's Complaint for Eviction and Landlord's Counter-Counterclaim *with prejudice* against B&A; (b) finding on behalf of B&A as to all causes of action raised against Landlord in B&A's Counterclaim, entering judgment in favor of B&A forthwith; (c) awarding B&A all of its attorneys' fees and court costs pursuant to the terms of the governing lease agreement between the parties, this Court's Pretrial Order and Local Rule 16.1(m); and (d) for such other relief as this Court deems just and appropriate.

Dated:   November 19, 2010

Respectfully submitted,

/s  Emilia A. Quesada_____
Emilia A. Quesada
Florida Bar No. 092045
Sanchez-Medina, Gonzalez, Quesada,
  Lage, Crespo, Gomez & Machado LLP
14645 N.W. 77 Avenue, Suite 104
Miami Lakes, Florida 33014
Telephone:  (305) 231-9000
Facsimile:   (305) 231-9100
equesada@smgqlaw.com
*Counsel for Defendant,*
  *Bermello, Ajamil & Partners, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notice of Electronic Filing.

/s Emilia A. Quesada_____
Emilia A. Quesada

<u>**SERVICE LIST**</u>

**ONE BROWARD BLVD. HOLDINGS, LLC, ETC.,**
**PLAINTIFF/COUNTERDEFENDANT/COUNTER-COUNTERPLAINTIFF**
**v.**
**BERMELLO, AJAMIL & PARTNERS, INC.,**
**DEFENDANT/COUNTERPLAINTIFF/COUNTER-COUNTERDEFENDANT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 10-61973-CIV-MOORE-SIMONTON**

Jeffrey R. Mazor, Esq.
J.R. Mazor & Associates, P.A.
Presidential Circle - Suite 265 South
4000 Hollywood Blvd.
Hollywood, Florida  33021
Office: (954) 962-3500
Fax:     (954) 962-3560
jmazor@mazor.com
(By U.S. Mail)